PATTISHALL, Associate Judge.
In a negligence action growing out of a head-on collision between defendant’s auto and one in which plaintiff-wife rode as a passenger, the trial court directed a verdict for the defendant at the conclusion of the plaintiffs’ evidence on the ground that there was no evidence of wilful and wanton negligence. This appeal is from the judgment based on that verdict. The parties will be referred to as they stood in the trial court.
The plaintiff-wife was either a licensee or trespasser on defendant’s premises, although an innocent one, the driver of the car in which she was riding having by mistake turned her ca,r into the paved driveway leading to the rear of defendant’s funeral home, whereas she intended to go to a ■“Kiddy Park” by way of a dirt road turning off of the apron of the paved driveway just after it crosses the parkway between defendant’s property and the paved portion of the street. It was some 100 feet beyond this point on the paved driveway that the head-on collision occurred. The evidence shows that the driver of defendant’s automobile did not see the other car before hitting it and there is no evidence from which it could properly be inferred that he should have anticipated the presence of the other car on this portion of the driveway.
The plaintiffs in their brief and oral argument undertake to distinguish between “active” negligence and “passive” negligence and contend that the rule making a landowner liable only for wilful and wanton negligence to a licensee or trespasser is applicable only to “passive” negligence, that is, where a person “passively” omits to do something and not where he “actively” commits some act that results in injury. In this latter case it is contended that ordinary negligence is sufficient. This is the heart of plaintiffs’ case. As applied to the facts in this case, we cannot agree with this contention.
We therefore must conclude that the trial court was correct in applying the rule that the defendant was not liable in the absence of evidence of wilful and wanton negligence and that there was no error in directing a verdict for defendant.
Affirmed.
ALLEN, Acting Chief Judge, and THORNAL, Associate Judge, concur.